Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50035 | **DATE** | 7/7/2003 |
| **CASE TITLE** | GILLES vs. ROCK RIVER BANK | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the order of the bankruptcy court is affirmed.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL - 8 2003 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | 7-8-03 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | SW mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Appellant, Rock River Bank, appeals an order of the bankruptcy court disallowing, in part, its secured claim against appellee, Jeffrey A. Gilles, M.D., a chapter 11 debtor. The bankruptcy court disallowed the portion of appellant's claim which sought to recover interest at a default rate of eighteen percent finding appellant had waived the right to collect interest at the default rate. The bankruptcy court limited appellant to the contract rate of interest. Jurisdiction is proper under 28 U.S.C. § 158 (a) (1).

Appellee executed two promissory notes in favor of appellant: one in the amount of $220,955 with an interest rate of 8.5% and the other for $525,000 with interest at prime plus one percent. Each note contained the following provision: "DEFAULT RATE OF INTEREST. If there is a default in this Note, the rate of interest, at Bank's option, shall immediately be increased to 18% per annum (fixed rate) whether or not Bank accelerates the maturity, and interest shall accrue thereafter at the resulting rate until all obligations under this Note are paid in full. Unless Bank has accelerated the maturity, Bank shall, within 10 days following the effective date of such interest rate increase, notify Borrower of the fact that the interest rate has been increased pursuant to this provision." Each note also provided: " NO WAIVER BY BANK. Bank's course of dealing, or Bank's forbearance from, or delay in, the exercise of any of Bank's rights, remedies, privileges or right to insist upon Borrower's strict performance of any provisions contained in this Note, or other loan documents, shall not be construed as a waiver by Bank, unless any such waiver is in writing and signed by Bank." The bankruptcy court found that an August 29, 2000, letter written by appellant's counsel to appellee accelerated the loans and established that interest on the notes was accruing at the contract rate rather than the default rate. The bankruptcy court further found that appellant, through its counsel, had filed a state court foreclosure actions on September 18, 2000, which also indicated the contract rate rather than the default rate was accruing on the loans. "The bankruptcy court found that these documents were in writing, signed by appellant's counsel and constituted "a written waiver of the default interest rate in accordance with the provisions in [appellant's] note." (Tr. Oct. 9, 2002, pp.9-10)

The party asserting waiver has the burden of proof on the issue by a preponderance of the evidence. See Heller Int'l Corp. v. Sharp, 974 F.2d 850, 861 (7th Cir. 1992) (applying Illinois law). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Fed. R. Bankr. P. 8013. The relevant inquiry is whether any reasonable person could agree with the bankruptcy court. In re Morris, 223 F.3d 548, 554 (7th Cir. 2000). The question then is whether any reasonable person could conclude that the August 29, 2000, letter and September 18, 2000, foreclosure complaints constitute a written waiver of the default interest rate.

It is undisputed that the interest rate sought in the letter and foreclosure complaints is not eighteen percent. Appellant expressly advised appellee in the letter that interest was accruing at $49.02 per day on loan number 10935 which was approximately 8.5% on the unpaid principal balance and at $150.61 per day on loan number 10936 which was approximately 10.5% on the unpaid principal balance. The letter stated as to loan number 10936 that it would "continue to accrue interest at the rate of $150.61 per day after August 29, 2000." As to loan number 10935 , the letter stated that the "payoff as of August 29, 2000, is $212,567.97 and add $49.02 per day thereafter." A reasonable person could conclude that the interest rate to be charged after default would be as stated in the letter and not the eighteen percent default rate. The failure to use the default rate in the mortgage foreclosure actions reinforces this conclusion. Accordingly, the bankruptcy courts conclusion that appellant waived the default rate of interest is not clearly erroneous.

For the foregoing reasons, the order of the bankruptcy court is affirmed.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Jeffrey A. Gilles, M.D.          **JUDGMENT IN A CIVIL CASE**

v.          Case Number: 03 C 50035

Rock River Bank

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the order of the bankruptcy court is affirmed.

Michael W. Dobbins, Clerk of Court

Date: 7/7/2003

Susan M. Wessman, Deputy Clerk